Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | **01 C 3684** | **DATE** | Jan. 31, 2002 |
| **CASE TITLE** | Thomas J. Moriarity  v  Becvar Frank Funeral Home | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing
(5) ■ Status hearing reset to 2/21/02, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed pursuant to

(10) ■ [Other docket entry]   Memorandum opinion and order entered. Accordingly, defendant's motion to dismiss the complaint is **denied.** Defendant is ordered to file an answer to the amended complaint. Joint status report is due by 2/14/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 1 2002  date docketed | |
| | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS J. MORIARTY, Trustee on behalf of )
the Teamsters Local Union No. 727 I.B.T. Pension )
Trust, Teamsters Local Union No. 727 Health & )
Welfare Fund, and Teamsters Local Union No. 727 )
Legal Assistance Trust Fund, )
)
      Plaintiff, )
) No.   01 C 3684
v. )
) Judge Robert W. Gettleman
BECVAR, FRANK FUNERAL HOME, P.C., )
an Illinois corporation, )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Thomas J. Moriarty, Trustee of the Teamsters Local Union No. 727 I.B.T. Pension Trust, the Teamsters Local Union No. 727 Health & Welfare Fund, and the Teamster Local Union No. 727 Legal Assistance Trust ("the Trustee"), has filed suit against defendant, Becvar, Frank Funeral Directors, P.C., to recover fund payments that he claims defendant owes as a result of its membership in the Funeral Directors Services Association of Greater Chicago ("the FDSA"). According to the Trustee, defendant owes payments to the Trustee because the FDSA entered into a series of collective bargaining agreements ("CBAs") with the Auto Livery Chauffeurs, Embalmers, Funeral Directors, Apprentices, Ambulance Drive and Helpers, Taxicab Drivers, Miscellaneous Garage Employees, Washers, Greasers, Polishers and Wash Rack Attendants Union, Local 727, an affiliate of the I.B. of T. ("the Union"), and those CBAs require defendant, as an employer member, to make payments to the funds listed above via the Trustee.

Defendant has filed a motion seeking to dismiss the Trustee's complaint on two grounds. Defendant's first ground is that it is not required to make the payments that the Trustee claims it owes because it "has done nothing to manifest its unequivocal intention to be bound by the group action in collective bargaining agreements," citing Moriarty v. Glueckert Funeral Home, Ltd., 155 F.3d 859 (7th Cir. 1998), for support. The Trustee responds to this argument by asserting that defendant authorized the FDSA to enter into the CBAs with the Union by signing and submitting a remittance report to one of the funds, which contained the following provision: "I hereby . . . agree to accept and abide by the terms of the Teamsters Local No. 727 Health and Welfare Trust Agreement and by the terms of the applicable Local 727 I.B. of T. Labor Agreement."

The court finds defendant's argument to be premature. The question of whether defendant authorized the FDSA to enter into the CBAs on its behalf is one of fact—one which would require the court to go beyond the four corners of the Trustee's complaint to decide, as evidenced by the Trustee's reliance on the remittance report and on Frank Becvar's affidavit, neither of which are contained in the Trustee's amended complaint. See Glueckert, 155 F.3d at 864 ("We generally view determinations regarding the existence and scope of an agency relationship as questions of fact."); Carter v. Stanton, 405 U.S. 669, 671 (1972) (courts cannot look beyond the four corners of the complaint when resolving a 12(b)(6) motion to dismiss).

At this stage, the court need only address whether the Trustee has properly stated a claim under the LMRA and ERISA to recover payments defendant is allegedly required to make pursuant to the CBAs entered into between the Union and the FDSA. Reading the Trustee's amended complaint in the light most favorable to him, the court finds that he has adequately

stated a claim by alleging that the CBAs "in effect between the Union and the FDSA require the employer members to contribute a sum certain to the Funds on a monthly basis on behalf of all covered employees," and that defendant, an employer member of the FDSA, failed to do so to the tune of $68,293.87. Thus, the court denies defendant's motion to dismiss on his first ground.

Defendant's second ground for dismissal is that the Trustee did not properly serve defendant with a summons or copy of the amended complaint within the 120-day period allotted for such service under Rule 4(m). The court finds this argument disingenuous. On August 16, 2001, during a hearing in open court, the court granted the Trustee's motion for leave to file an amended complaint substituting defendant for its owner, Frank Becvar, who was originally sued individually. The amended complaint was attached to the Trustee's motion—a fact defendant's counsel acknowledged at the time. Defendant's counsel agreed to accept service of the amended complaint and asked for time to file an answer. The court ordered defendant to answer the amended complaint by September 13, 2001, directed the parties to file a joint status report on that date, and set the case for a status report on September 15, 2001. For defendant to now argue that the Trustee was required to serve it again after that hearing is ludicrous. The court took defendant's counsel at his word, and will hold him to it. Thus, the court finds that defendant was properly served under Rule 4(m) in the instant case.

For the reasons set forth above, defendant's motion to dismiss the Trustee's complaint is denied. Defendant is ordered to file an answer to the Trustee's amended complaint, and both parties are ordered to file a joint status report, on or before February 14, 2002. This matter is set for a status hearing at 9:00 a.m. on February 21, 2002.

**ENTER: January 31, 2002**

Robert W. Gettleman
United States District Judge

3